GRANTWOOD LUMBER COMPANY, PLAINTIFF-APPELLANT,
v. STANLEY ARAGONA ET AL., DEFENDANTS-RESPOND-
ENTS.

Submitted May 27, 1932—Decided October 17, 1932.

For the appellant, Le Roy Vander Burgh.

For the respondents, Albert J. Wuytack.

The opinion of the court was delivered by

PARKER, J. The suit was in mechanics' lien, no contract
having been filed. The owner, Stanley Aragona, defended
against a special judgment on the ground that the work done
came within the section of the statute relating to repairs or
alterations (Comp. Stat., § 10, p. 3301) and that no written
consent of the owner in writing had been given. The case
went to a referee by consent, and trial by jury was waived,
with the stipulation that the waiver "is not a waiver of right
to file exceptions to the referee's report on matters of law."
The issue tried out before the referee was whether the work
done was within the purview of section 10. This was a
mixed question of fact and law: and the referee reported
that the section applied and that the building and land were
not specially liable. Plaintiff took the technically irregular
course of filing "exceptions" to the report, but we treat these
as reasons assigned on a motion to set it aside. The court
confirmed the report, and the plaintiff appeals from the judg-
ment entered pursuant to that confirmation. There are three
grounds of appeal, but the substance of them all is that the

court erred in confirming the report, and in refusing a special judgment against the building and lands.

. This appeal has no legal basis. It is settled that in a case of this kind, the report must be treated as a verdict: that exceptions cannot be taken to the judge's decision on motion to confirm it, and that if the referee has erred, the remedy is by application to set aside the report and grant a new trial. *Runyon* v. *Hodges,* 46 *N. J. L.* 359. Assuming that the argument of the "exceptions" in this case amounted to a motion to set aside the report, the refusal of the court so to do is not reviewable by appeal corresponding to writ of error. *Children's Home Association* v. *Hall,* 47 *Id.* 152. In *Hoboken* v. *Laverty,* 60 *Id.* 86, assignments of error based on alleged erroneous ruling of the referee were struck out as frivolous. In this last case the Supreme Court said that a referee's report in a cause referred by consent, would be controlled by the court as the verdict of a jury would be: that by rule of court, in the absence of provision otherwise in the rule of reference, the report is treated as a verdict: and that "it is entirely settled that a report made upon such an order of reference can only be objected to by opposition to its confirmation or by motion to set it aside, and that the rulings of the court thereon are not open to exception nor subject to be reviewed by writ of error."

The attempt in this case to reserve a right to "except" to the report on matters of law, related to a right that did not exist and could not be reserved, except as embodied in a motion to set aside the report, the determination of which, as we have seen, is not reviewable.

The appeal will therefore be dismissed, with costs.